Weygandt, C. J.,
dissenting. It is not contended that fraud is involved in the conditional sales contract held by the plaintiff.
*552 On the other hand it is admitted that the defendant’s certificate of title was issued as a result of the fraud perpetrated by Anderson. Yet the defendant contends that under the statute a certificate of title to a motor vehicle is conclusive and unimpeachable. In the case of Automobile Finance Co. v. Munday, 137 Ohio St., 504, 30 N. E. (2d), 1002, this court unanimously held to the contrary. In the opinion Judge Turner said:
“Besides, the certificate of title, being issued upon the false representations of Munday and/or North-side Auto Sales, was void ab initio. The very purpose of the law is to protect ownership against fraud.
U * * *
í í Therefore, the certificate of title introduced in evidence on behalf of appellant (plaintiff below) is clearly invalid, and the appellant has no right to rely upon same.”
Under the circumstances in the instant case the courts below were not in error in holding that the defendant’s certificate of title is invalid and ineffective as against the plaintiff’s valid conditional sales contract.